NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7132

MIGUEL A. COTRICH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Miguel A. Cotrich, of Kissimmee, Florida, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

# United States Court of Appeals for the Federal Circuit

2008-7132

MIGUEL A. COTRICH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2528, Judge Ronald M. Holdaway.

_____

DECIDED:    November 25, 2008

_____

Before BRYSON and DYK, <u>Circuit Judges</u>, and PATEL, <u>District Judge</u>[*].

PER CURIAM.

Miguel Cotrich ("Cotrich") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying basic eligibility for non-service-connected pension benefits.  <u>Cotrich v. Peake</u>, No. 06-2528, (Vet. App. April 22, 2008).  We <u>dismiss</u> for lack of jurisdiction.

BACKGROUND

Cotrich seeks a non-service-connected disability pension from the VA.  The basic eligibility requirements for non-service-connected disability pension benefits include,

_____

[*] Honorable Marilyn H. Patel, District Judge, United States District Court Northern District of California, sitting by designation.

inter alia, 90 days of active military service.  See 38 U.S.C. § 1521(j); 38 C.F.R. § 3.3(a)(3).  Both the Board and the Veterans Court found that Cotrich had verified active service in the U.S. Marine Corps from February 5, 1975, to March 14, 1975, a total of 38 days.  On December 18, 1975, Cotrich submitted an application for disability benefits in which he reported those dates as his dates of service.  In January 1976, the National Personnel Records Center verified those dates of service.  Over the next 10 years, Cotrich filed a number of other applications for benefits providing different dates of service and, on at least one occasion, submitted a photocopy of a form DD 214 in which the dates of service were altered by hand.

Cotrich's most recent claim for disability benefits was filed in April 2001.  While his claim was pending and in response to a request from Cotrich, on August 14, 2002, the National Personnel Records Center sent Cotrich a letter stating "[y]our military record indicates you were enlisted in the U.S. Marine Corps on February 5, 1975 and discharged on March 14, 1975.  We have enclosed your enlistment contract and the Administrative Remarks page from your service record book verifying these dates of service."  Cotrich applied to the Board for Correction of Naval Records ("BCNR") for his dates of service to be changed.  The BCNR found that the records "clearly show[] that you [Cotrich] entered on active duty on 5 February 1975, and were discharged on 14 March 1975."

Cotrich nonetheless contested the dates of service in his claim for disability benefits, claiming that his dates of service were from February 2, 1975, to May 26, 1975.  Cotrich submitted a document to the Board purporting to substantiate these service dates.  Cotrich also submitted a report from a forensic handwriting analyst

opining that Cotrich's document was "true and factual" and that other documents showing a date of March 14, 1975, were alterations. The Board, however, found that Cotrich's document "is not an original, is not an acceptable copy, and is not genuine." The Board found that Cotrich's "only verified active service was from February 5, 1975, to March 14, 1975." As a consequence, the Board held that Cotrich did not meet the requirements for non-service-connected pension benefits.

The Veterans Court affirmed, holding that "[b]ecause the service department has certified those dates [February 5, 1975, to March 4, 1975], VA is bound by them, regardless of the documents submitted by the appellant."

Cotrich timely appeals to this court.

DISCUSSION

Our jurisdiction for review of decisions of the Veterans Court is limited. Except in constitutional cases, we may not review "challenge[s] to a factual determination" or "challenge[s] to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Cotrich contends that the Veterans Court and the Board did not properly weigh the evidence, including the testimony of his expert that the signature was forged on the documents supplied by the government, certificates and other documents showing his date of discharge as May 26, 1975, printouts from the military service data system, letters and other communications from a Regional Office of the Department of Veterans Affairs, opinions by doctors in the 1990s referencing May 26, 1975 as the day of discharge, and documents from the District Court for the Middle District of Florida in an unrelated personal injury case.

These contentions challenge the factual determination of the Veterans Court. These contentions raise no constitutional issues, issues of statutory or regulatory interpretation, challenges to the procedures used, or any other error over which we have jurisdiction. We do not have jurisdiction to review the challenge raised by Cotrich to the factual determination of his dates of service.

This appeal is <u>dismissed</u>.

No costs.